UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                           :

ROBERT PAONE,                                    :
                                                           :      Case No. 22-cv-9644
            Plaintiff,                             :

vs.                                                    :

SIEMENS HEALTHCARE DIAGNOSTICS    :
INC. a/k/a SIEMENS HEALTHINEERS,     :

            Defendants.                       :
------------------------------------------------------------ x

### DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Siemens Healthcare Diagnostics Inc. a/k/a Siemens Healthineers ("SHDI" or "Defendant"), by its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, for its answer to the Complaint (the "Complaint") (Doc. No. 1) of Plaintiff Robert Paone ("Paone" or "Plaintiff") states as follows:

### NATURE OF THE ACTION

1.      Paragraph 1 asserts conclusions of law to which no response is required. To the extent a response is required, Defendant denies.

### THE PARTIES

2.      Admitted in part and denied in part. Defendant admits that Plaintiff is Robert Paone. Defendant asserts that the allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant asserts that it lacks knowledge or information sufficient to form a belief as to the remaining allegations, and therefore denies.

3. Defendant admits that Defendant has more than 500 employees and that it operates a location in Tarrytown, New York. Defendant asserts that the remaining allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendant denies.

## JURISDICTION AND VENUE

4. Paragraph 4 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

5. Paragraph 5 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

6. Paragraph 6 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

7. Paragraph 7 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

## ADMINISTRATIVE EXHAUSTION

8. Paragraph 8 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

9. Defendant admits that the EEOC charge of discrimination is a document, the content of which speaks for itself. The remaining allegations in Paragraph 9 assert a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

10. Defendant admits that the right to sue is a document, the content of which speaks for itself. The remaining allegations in Paragraph 10 assert a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

11.     Paragraph 11 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

12.     Paragraph 12 asserts a conclusion of law to which no response is required. To the extent a response is required, Defendant denies.

## ALLEGATIONS

13.     Admitted.

14.     Denied, except admit that Plaintiff worked full-time for Defendant as a Customer Service Technician, Level 3 and that Plaintiff's job duties included installing, servicing, maintaining, and modifying laboratory diagnostic equipment at customer sites.

15.     Denied.

16.     Denied, except admit that in or around August 2021, Defendant implemented a vaccination policy. The announcement referenced in Paragraph 16 of the Complaint is a document, the content of which speaks for itself.

17.     Denied, except admit that in or around August 2021, Defendant implemented a vaccination policy, which is a document, the content of which speaks for itself.

18.     Denied, except admit that in or around August 2021, Defendant implemented a vaccination policy, which is a document, the content of which speaks for itself.

19.     Denied, except admit that the COVID-19 safety protocols are contained in a document, the content of which speaks for itself.

20.     Denied, except admit that the request for religious exemption referenced in Paragraph 20 of the Complaint is a document, the content of which speaks for itself.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21, and therefore denies.

22. Denied, except admit that the request for religious exemption referenced in Paragraph 22 of the Complaint is a document, the content of which speaks for itself.

23. Denied, except admit that the request for religious exemption referenced in Paragraph 23 of the Complaint is a document, the content of which speaks for itself.

24. Denied, except admit that the request for religious exemption referenced in Paragraph 24 of the Complaint is a document, the content of which speaks for itself.

25. Denied, except admit that the EEOC guidance referenced in Paragraph 25 of the Complaint is a document, the content of which speaks for itself. The remaining allegations in Paragraph 25 assert a conclusion of law to which no response is required. To the extent a response is required, Defendant denies

26. Denied, except admit that the communication referenced in Paragraph 26 of the Complaint is a document, the content of which speaks for itself.

27. Denied, except admit that the communication referenced in Paragraph 27 of the Complaint is a document, the content of which speaks for itself.

28. Denied, except admit that the communication referenced in Paragraph 28 of the Complaint is a document, the content of which speaks for itself.

29. Denied, except admit that the communication referenced in Paragraph 29 of the Complaint is a document, the content of which speaks for itself.

30. Denied.

31. Defendant is unable to respond to this allegation, given the vague and ambiguous nature of the allegation. To the extent a response is required, Defendant denies.

32. Denied, except admit that the communication referenced in Paragraph 32 of the Complaint is a document, the content of which speaks for itself.

33. Denied.

34. Denied, except admit that the communication referenced in Paragraph 34 of the Complaint is a document, the content of which speaks for itself.

35. Denied, except admit that Plaintiff remained on Defendant's payroll until October 29, 2021.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendant asserts that the allegations in Paragraph 40 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 40.

41. Denied.

42. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 42 of the Complaint and those allegations are therefore denied.

43. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 43 of the Complaint and those allegations are therefore denied.

44. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 44 of the Complaint and those allegations are therefore denied.

45. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 45 of the Complaint and those allegations are therefore denied.

46. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 46 of the Complaint and those allegations are therefore denied.

47. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 47 of the Complaint and those allegations are therefore denied.

48. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 48 of the Complaint and those allegations are therefore denied.

49. Denied.

50. Denied, except admit that the communications referenced in Paragraph 50 of the Complaint are documents, the contents of which speak for themselves.

51. Denied, except admit that the communication referenced in Paragraph 51 the Complaint is a document, the content of which speaks for itself.

52. Denied, except admit that Plaintiff remained on Defendant's payroll until October 29, 2021.

53. Denied, except admit that Plaintiff remained on Defendant's payroll until October 29, 2021.

54. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's allegations in Paragraph 54 of the Complaint and those allegations are therefore denied.

55. Denied.

## COUNT ONE: VIOLATION OF TITLE VII

56. Denied.

57. Denied. Defendant asserts that the allegations in Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 57.

58. Denied. Defendant asserts that the allegations in Paragraph 58 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 58.

59. Denied.

60. Denied.

### COUNT TWO: VIOLATION OF STATE HUMAN RIGHTS LAW

61. Denied.

62. Denied. Defendant asserts that the allegations in Paragraph 62 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendant denies the allegations in Paragraph 62.

63. Denied.

64. Denied.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief he seeks in his Prayer for Relief or any other relief.

### GENERAL DENIAL

Except as specifically admitted herein, Defendant denies all allegations, whether express or implied, in Plaintiff's Complaint. Defendant reserves the right to amend this Answer based on further investigation and discovery.

### AFFIRMATIVE DEFENSES

Without assuming the burden of proof of such defenses that it would not otherwise have, Defendant asserts the following defenses:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND DEFENSE

Subject to proof through discovery, Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches, and/or estoppel.

## THIRD DEFENSE

Subject to proof through discovery, Plaintiff has failed, in whole or in part, to mitigate his purported damages. To the extent Plaintiff has mitigated his damages, or to the extent that Plaintiff has obtained or may obtain any recovery from any other source, Defendant is entitled to offset those amounts he has earned.

## FOURTH DEFENSE

Plaintiff's own conduct caused, in whole or in part, whatever damages he purports to have suffered.

## FIFTH DEFENSE

Subject to proof through discovery, the injuries, damages, and conditions claimed by Plaintiff were due in whole or in part to events and/or conditions existing before or arising subsequent to the event(s) made the basis of this lawsuit, and/or were the result of an independent intervening cause, and were not caused by any act or omissions of this Defendant.

## SIXTH DEFENSE

To the extent Plaintiff seeks to recover damages for physical or emotional distress, such claims are barred by the exclusive remedy provisions of the applicable Workers' Compensation Statute.

**SEVENTH DEFENSE**

This Defendant acted in good faith and, without waiving any denials or affirmative defenses elsewhere contained in this Answer, asserts that if it is found to have made any employment decision involving Plaintiff, it based such decisions upon legitimate, non-discriminatory, non-retaliatory reasons and without malice, willfulness, or evil intent.

**EIGHTH DEFENSE**

Without waiving any denials or affirmative defenses contained elsewhere in the Answer, Defendant asserts, subject to proof via discovery, that Plaintiff is not entitled to relief because Plaintiff did not have a sincerely held religious belief.

**NINTH DEFENSE**

Without waiving any denials or affirmative defenses contained elsewhere in the Answer, Defendant asserts Plaintiff would pose a direct threat to the health or safety of himself and/or other individuals and/or clients in the workplace if he were employed by Defendant.

**TENTH DEFENSE**

Without waiving any denials or affirmative defenses contained elsewhere in this Answer, Defendant asserts that even if Plaintiff had a sincerely held religious belief, to grant Plaintiff's requested accommodation would pose an undue burden/hardship on Defendant.

**ELEVENTH DEFENSE**

Without waiving any denials or affirmative defenses contained elsewhere in the Answer, Defendant asserts, Plaintiff did not engage in protected activity under Title VII.

**TWELFTH DEFENSE**

Without waiving any denials or affirmative defenses contained elsewhere in the Answer, Defendant asserts all wrongful conduct alleged by Plaintiff was a business necessity.

**THIRTEENTH DEFENSE**

Without waiving any denials or affirmative defenses contained elsewhere in the Answer, Defendant asserts that subject to proof during discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

**FOURTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred by applicable law, and in any event, Plaintiff's claims seeking punitive damages violate the substantive and procedural aspects of the Due Process Clause of the Fifth and Fourteenth Amendments to the Constitution of the United States, the Equal Protection Clause, the Excessive Fines Clauses, and violate the parallel provisions of the Constitution of the state of New York.

**FIFTEENTH DEFENSE**

Without waiving any denials or affirmative defenses contained elsewhere in the Answer, Defendant asserts that at all relevant times herein, Plaintiff was an at-will employee and his employment could have been terminated by Defendant with or without cause, at any time.

**SIXTEENTH DEFENSE**

This Defendant is not liable for punitive damages because this Defendant acted in good faith and did not commit any act with malice, willfulness, evil intent, or reckless indifference to Plaintiff's rights.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred or limited by good faith efforts to comply with applicable law.

**EIGHTEENTH DEFENSE**

Subject to proof during discovery, some of Plaintiff's claims are barred by Plaintiff's own comparative and/or contributory negligence.

## NINETEENTH DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted, for reasons that include, but are not limited to the fact that the Defendant acted in compliance with applicable COVID-19 vaccination mandates.

## TWENTIETH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent he relies on allegations of conduct that occurred more than 300 days prior to the filing of his administrative complaint.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are time barred to the extent they were not commenced within the applicable statute of limitations.

## RESERVATION OF RIGHTS

This Defendant has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available. This Defendant reserves the right to amend or assert additional defenses, which may become known during the course of discovery or revealed during pretrial proceedings, and to rely upon any applicable defenses asserted by any other Defendant.

WHEREFORE, this Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, that Plaintiff's Complaint be dismissed in its entirety, with prejudice, and that this Defendant be awarded costs, interest, attorneys' fees, as allowed by law, and other such relief as this Court deems appropriate.

Dated: March 3, 2023
     New York, New York

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

By: /s/ *Kelly M. Cardin*
    Kelly M. Cardin, Esq.
    Jenny Xia, Esq.
599 Lexington Avenue, 17th Floor
New York, New York 10022
212.492.2067
kelly.cardin@ogletree.com
jenny.xia@ogletree.com

*Attorneys for Defendant*
*Siemens Healthcare Diagnostics Inc. a/k/a*
*Siemens Healthineers*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 3, 2023, I caused the within Answer to be electronically submitted to the Clerk of the Court for the U.S. District Court for the Southern District of New York, which shall constitute service upon Plaintiff's counsel of record:

> Steven M. Warshawsky
> THE WARSHAWSKY LAW FIRM
> 118 South Bedford Road, Suite 100
> Mount Kisco, New York 10549
>
> *Attorneys for Plaintiff Robert Paone*

                */s/ Kelly M. Cardin*

13